[No. 1216.  Decided March 5, 1894.]

THE STATE OF WASHINGTON, *on the relation of A. W. Buddress, Respondent,* v. WILLIAM J. ROHDE, *Appellant.*

APPEAL—REVIEW—DEFICIENT RECORD.

Where a judgment has been founded on findings of fact and of law made by the court in an action at law, the failure to include such findings in the record on appeal will not entitle the appellant to a review of the judgment, although a proper statement of facts may have been brought up.

Where the question of the insufficiency of the complaint in an action to sustain the judgment has not been raised in the brief of appellant, it will not be considered on appeal.

*Appeal from Superior Court, Jefferson County.*

*Warren Carroll,* and *R. W. Jennings,* for appellant.

*George H. Jones,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The relator herein instituted this proceeding to test the title of appellant to the office of county superintendent of common schools for Jefferson county.  Upon the issues made by the complaint and answer the cause was tried, and a judgment in favor of relator entered.

It appears from the record that the judgment was founded upon findings of fact and law made by the court, but such findings have not been brought here as part of the record. What purports to be a statement of facts is here, but as this was an action at law the only office of such statement under the circumstances shown by the record was that in the light of the facts shown thereby the findings of the lower court could be examined and their correctness passed upon, and, since they are not here, this court cannot enter upon an investigation of that question.  It must follow

that the appellant can get no benefit whatever from anything shown by the statement of facts.

This leaves but a single question that could have been raised upon the record presented to this court, and that is as to the sufficiency of the complaint to sustain the judgment. But this question the appellant has failed to so raise as to entitle him to be heard thereon. There is no intimation in his brief that he relies upon the insufficiency of the complaint for the reversal of the judgment, and this objection, like any other, must be raised in the brief to make it available. The record presents no question which in the light of the assignments of error in the brief can avail appellant.

The judgment must, therefore, be affirmed.

STILES and SCOTT, JJ., concur.

DUNBAR, C. J., and ANDERS, J., not sitting.